IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(SOUTHERN DIVISION)

| | |
|---|---|
| STUART APPELBAUM, LENORE F. MILLER, JACK WURM, JR., JOHN WHITAKER, DONALD R. HOPKINS, MARSUE LANCASTER, SHANE KEITH, and DAVID ARMSTRONG, as Trustees and Fiduciaries of the RETAIL, WHOLESALE AND DEPARTMENT STORE INTERNATIONAL UNION AND INDUSTRY PENSION FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>CONAGRA BRANDS, INC. a/k/a, CONAGRA FOODS, INC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  _____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The Trustees and Fiduciaries of the Retail, Wholesale and Department Store International Union and Industry Pension Fund ("Trustees," "Plaintiffs," or "Fund") allege as follows:

## INTRODUCTION

1. Plaintiffs seek to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461

("ERISA"), the Fund's Reaffirmation and Restatement of Agreement and Declaration of Trust ("Trust Agreement"), and the Rules and Regulations of the Fund ("Plan").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to Sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1451(c).

3. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

## PARTIES

4. Plaintiffs are the Trustees and Fiduciaries of the Retail, Wholesale and Department Store International Union and Industry Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Plaintiffs comprise the Board of Trustees of the Fund and are the "plan sponsor" within the meaning of ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

5. The Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), with its principal office located at 1901 Tenth Avenue South, Birmingham, within Jefferson County, Alabama. The Fund was established pursuant to the terms of collective bargaining agreements between the Union and various employers who are required to make contributions to the Fund on behalf of their employees covered by the collective bargaining agreements.

6. The Fund is maintained for the purpose of collecting and receiving contributions and providing pension benefits to eligible participants and their dependents pursuant to and in accordance with its Agreement and Declaration of Trust ("Trust Agreement") and its Rules and Regulations ("Plan").

7. Upon information and belief, at all relevant times and continuing to the present, ConAgra Brands, Inc. (formerly ConAgra Foods, Inc.) ("ConAgra") is a public corporation that has been headquartered at 222 West Merchandise Mart Plaza, Suite 1300, Chicago, Illinois and incorporated in the state of Delaware.

8. Upon information and belief, ConAgra Foods Inc. changed its name to ConAgra Brands Inc. on or about November 9, 2016.

**WITHDRAWAL LIABILITY OF CONAGRA FOODS, INC.**

9. At all relevant times, ConAgra had been a party to a series of collective bargaining agreements with the Union (the "CBAs").

10. Among the CBAs between ConAgra and the Union were CBAs covering ConAgra's operations at its Macon, Georgia facility.

11. Pursuant to the CBAs and Trust Agreement, ConAgra, inter alia, agreed to make contributions to the Fund on behalf of its employees covered by the CBAs.

12. On June 15, 2014, ConAgra terminated the employment of all of its employees at the Macon, Georgia facility and ceased its obligation to contribute to the Fund under its existing CBA.

13. Ardent Mills, a new corporate entity, took over the Macon, Georgia facility, and was not in common control with ConAgra, nor did it assume the CBA of ConAgra.

14. Effective December 14, 2015, Ardent Mills negotiated a new CBA with the Union for the Macon facility, in which it withdrew participation from, and no longer had an obligation to contribute to, the Fund for the facility.

15. Pursuant to Section 4203(a) of ERISA, 29 U.S.C. § 1383(a), the cessation of the obligation to contribute to the Fund for ConAgra's operations constituted a "complete withdrawal" from the Fund.

16. Pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381, ConAgra is obligated to pay withdrawal liability to the Fund for its proportionate share of the Fund's unfunded vested benefits.

17. In accordance with Section 4211 of ERISA, 29 U.S.C. § 1391, and the Article XII of the Plan, the Fund has calculated ConAgra's withdrawal liability to be $251,969.00.

18. By letter dated April 20, 2015, in accordance with Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1) and Article XII, Section 11 of the Plan, the

Fund sent ConAgra a written demand for payment of its withdrawal liability, including the payment schedule, in which ConAgra was obligated to pay eighty consecutive quarterly payments of $2,468.00.

19. ConAgra did not contest the Trustees' finding that it had withdrawn from the Fund and it did not challenge the Fund's withdrawal liability assessment.

20. ConAgra failed to make the initial quarterly payment of $2,468.00.

21. To date, ConAgra has not made any payment toward its withdrawal liability.

22. By letter dated July 7, 2017, pursuant to Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), and Article XII, Section 12(i)(1) of the Plan, the Trustees notified ConAgra of its failure to make its quarterly installments, and provided sixty (60) days to ConAgra to avoid default.

23. ConAgra did not respond to the Trustees' letter dated July 7, 2017.

24. ConAgra has never contested or sought to arbitrate its withdrawal liability.

25. By failing to make its quarterly withdrawal liability payments within sixty (60) days of receiving notice of such failure, ConAgra defaulted on its withdrawal liability obligations to the Fund under the provisions Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and Article XII, Section 12(i)(1), and owes the entire outstanding balance of its withdrawal liability

($251,969.00), plus interest running from June 1, 2015, the beginning of the first quarter after the Notice and Demand was sent, and the date the first payment was due, pursuant to Sections 515 and 4219(c)(5) of ERISA, 29 U.S.C. §§ 1145, 1399(c)(5), and Article XII, Section 15 of the Plan.

26. In accordance with Article XII, Section 15(b) of the Plan and Sections 502(g)(2)(B) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B) and 1451(b), and 29 C.F.R. § 4219.32, , the Fund is entitled to receive interest at the rate of one and one-half percent (1 1/2%) per month on delinquent withdrawal liability payments from the date due to the date the delinquency is paid.

27. In accordance with Article XII, Section 15(a) of the Plan and Sections 502(g)(2)(C)-(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C)-(D) and 1451(b), ConAgra is obligated to pay the greater of liquidated damages in the form of twenty percent (20%) of the unpaid amount due and owing, or additional interest in the amount set forth above.

28. In accordance with ERISA Sections 502(g)(2)(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(D) and 1451(b), ConAgra is also obligated to pay costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, THESE PREMISES CONSIDERED, the Plaintiffs pray for a judgment as follows:

(A) A judgment against ConAgra, for withdrawal liability in the amount of $251,969.00 pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and ERISA Section 515, 29 U.S.C. § 1145;

(B) Interest at the rate of eighteen percent (18%) per annum from the date due until the date on which judgment is entered;

(C) Liquidated damages in the amount of the greater of twenty percent (20%) of the outstanding withdrawal liability, or additional interest in an amount equal to the interest described above pursuant to ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C);

(D) The Plaintiffs reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D); and

(E) Such other, further and additional relief as the Plaintiffs are entitled to under these premises.

/s/ Clyde E. Riley
_____
CLYDE E. RILEY, (asb-3156-e65c)
Attorney for the Plaintiffs
RILEY LAW FIRM
2175 11th Court South
Birmingham, Alabama 35205
Telephone: (205) 212-5577
Fax: (205) 212-9001 fax
Email: clyde@rileylawfirm.net